UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH GARRISON,

        Petitioner,

  v.                                    Case No. 21-cv-1118-pp

THOMAS J. DART,

        Respondent.

**ORDER GRANTING PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (DKT. NO.6), DISMISSING *HABEAS* PETITION, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DISMISSING CASE WITHOUT PREJUDICE**

On September 27, 2021, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his detention in the Cook County Jail. Dkt. No. 1. With his petition, the petitioner filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. On October 15, 2021, Magistrate Judge Stephen Dries issued a report recommending that this court dismiss the petition under the doctrine of abstention. Dkt. No. 6. The petitioner did not file an objection to Judge Dries's report. The court will grant the petitioner's motion to proceed without prepaying the filing fee, adopt Judge Dries's recommendation, dismiss the petition and dismiss the case.

**I.    Background**

The petition stated that when he filed it, the petitioner was in the Cook County Jail, being held under "Wisconsin warrant no bond." Dkt. No. 1 at 1.

1

The petition asserted that the petitioner "was in custody in Illinois, Cook County Jail when warrant was issued," and that the petitioner wanted the "warrant dropped and bond reinstated." Id. at 2. The petition asked the court to "put [the petitioner] in for a Interstate Act on Detainers IAD for Wisconsin and cancle [sic] warrant issued." Id. at 8.

Judge Dries issued his report and recommendation on October 25, 2021. Dkt. No. 6. The report explains that on October 12, 2020, the petitioner made his initial appearance in Rock County, Wisconsin Circuit Court for auto theft and disorderly conduct charges. Dkt. No. 6 at 1-2. A court commissioner ordered the petitioner released on a signature bond. Id. at 2. But a few days later, the petitioner was arrested in Illinois and taken to the Cook County Jail. Id. Because he was in custody in Illinois, Judge Dries explained, the petitioner missed his next Wisconsin court date. Id. Based on that failure to appear, a court commissioner issued a warrant for the petitioner's arrest and converted his bond to $250. Id. The petitioner sent the circuit court a letter explaining why he hadn't appeared and asking the court to vacate the warrant. Id. The circuit court denied that request. Id. Judge Dries noted that the petitioner filed this federal *habeas* petition on September 27, 2021. Id.

## II. Analysis

### A. Standard

Under Federal Rule of Civil Procedure 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). This court must decide only whether Judge Dries's report and recommendation are clearly erroneous. The court concludes that they are not.

2

B.  Discussion

Judge Dries recommended that the court dismiss the petition. Dkt. No. 6 at 3. Judge Dries explained the court's obligation to abstain from interfering in the petitioner's state-court criminal proceedings. Id. (citing Cole v. Beck, 765 F. App'x 137, 139 (7th Cir. 2019)). He opined that no exceptional circumstances exist, that "[t]he Wisconsin state courts have an important interest in handling bond issues relating to individuals facing Wisconsin state charges," and that the petitioner still could seek review of the circuit court's denial of his request to vacate the warrant. Id. Judge Dries concluded that because "[t]he Wisconsin courts now are aware that [the petitioner] is in custody in Illinois," the petitioner "presumably [] will not have any issues making his future court appearances." Id.

Judge Dries's recommendation is not clearly erroneous. The Seventh Circuit has made clear that "federal courts must abstain from interfering with state court criminal proceedings involving important state interests as long as the state court provides an opportunity to raise the federal claims and no 'exceptional circumstances' exist." Cole, 765 Fed. App'x at 138 (citations omitted). The petitioner wants Wisconsin to cancel the warrant and reinstate his bond. Dkt. No. 1 at 2. This court cannot interfere with Wisconsin's criminal proceedings; it cannot order Wisconsin to cancel the warrant and reinstate his bond. The petitioner has taken the action he needed to take—he has asked the Rock County Circuit Court to cancel the warrant. That court declined, but he can renew his request with that court, either while he is in custody in Cook County or after he returns to Wisconsin. The petitioner also seeks an "Interstate Act on Detainers." Id. at 3. That agreement allows a person incarcerated in one state to demand the speedy disposition of any untried

3

charges in another state that has filed a detainer against him. Carchman v. Nash, 473 U.S. 716, 720 (1985). On October 27, 2021, the court received from the plaintiff an Interstate Agreement on Detainers demand addressed to the clerk of the Rock County Circuit Court. Dkt. No. 7. The court cannot tell whether the petitioner has filed that document with the Rock County Circuit Court; if he hasn't, he should have. That is the court that needs to be notified of the petitioner's demand. Only the Rock County Circuit Court may act on his demand. This court cannot.

The court will dismiss the petition, decline to issue a certificate of appealability and dismiss the case.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to relief from this court under 28 U.S.C. §2241.

### IV. Conclusion

The court **GRANTS** the petitioner's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ADOPTS** Judge Dries' recommendation. Dkt. No. 6.

4

The court **ORDERS** that the petition for writ of *habeas corpus* under 28 U.S.C. §2241 is **DISMISSED**. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of April, 2022.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**